IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary Lee Defluiter,                :

    Plaintiff,             :
  v.                               Case No. 2:08-cv-863
                                         :
State of Ohio, et al.,             JUDGE HOLSCHUH

    Defendants.            :

REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Gary Defluiter, a state prisoner, filed a lengthy complaint against a number of defendants. Three separate groups of defendants, including defendants employed by Franklin County, Ohio, defendants employed by various State of Ohio agencies, and defendants employed by the Ohio Department of Rehabilitation and Correction, have filed motions to dismiss. Mr. Defluiter opposed these motions and, in addition, filed a motion to transport him to the Court for summary adjudication of his claims. For the following reasons, it will be recommended that each of the three motions to dismiss be granted. The Court will deny the motion to transport.

I.

Mr. Defluiter's complaint is not a model of clarity. However, the motion to dismiss filed by the Ohio Attorney General, the State of Ohio, and the Ohio Secretary of State provides a good conceptual framework for analyzing the complaint. As that motion notes, part of the complaint appears to be an effort by Mr. Defluiter to institute either a criminal or civil action against the defendants for violating 18 U.S.C. §4, a statute which prohibits the concealment of felonious conduct (or misprision of felony). Another part of the complaint appears to be an effort to create or affirm some type of civil liability against state officials based upon Mr. Defluiter's having filed an affidavit against them. Generously read, the complaint may

also attempt to state a cause of action under the Racketeering Influenced and Corrupt Organizations statute, 18 U.S.C. §1962.

All of the defendants who have moved to dismiss assert that, however the complaint is construed, it fails to state a claim upon which relief can be granted.  The responses filed by Mr. Defluiter do little to clarify the basis of his claims, other than to make it clear that he believes he is proceeding under 18 U.S.C. §4 and that it is too late for the defendants to controvert the liens which he has purportedly filed against them.

II.

The defendants are clearly correct that Mr. Defluiter cannot assert a civil claim against them under 18 U.S.C. §4.  As general matter, private individuals have no standing to enforce federal criminal statutes.  That enforcement must occur, if at all, by way of a criminal action instituted by the United States.  See, e.g., American Postal Workers Union v. Independent Postal System of America, 481 F.2d 90 (6th Cir. 1973).  Moreover, no court has concluded that Congress intended to create a private civil right of action in favor of private individuals under 18 U.S.C. §4.  See, e.g., Massad v. Greaves, 554 F.Supp. 2d 163 (D. Conn. 2008).  Thus, although Congress has the ability to create a private civil cause of action pursuant to federal criminal statutes, see Wisdom v. First Midwest Bank, 167 F.3d 402 (8th Cir. 1998), Congress has simply not done so here.

Similarly, the complaint fails to state any type of claim under RICO.  There are many elements which must be pleaded in order to state a claim under the statute, see Carr v. Cimino, 2001 WL 1471759 (N.D. Ohio October 22, 2001), and the complaint simply fails to plead those elements.  Finally, to the extent that the complaint does represent some type of effort to impose liability on state officials under state law pursuant to the filing of an affidavit, a federal court of limited jurisdiction

has no power to adjudicate such claims.  The Court may decide
issues of state law only if they have a close relationship to
federal law claims over which the Court has jurisdiction or if
they are asserted between citizens of different states and the
jurisdictional amount in controversy (currently $75,000.00)
exists.  See 28 U.S.C. §§1332 (a), 1367.  The state law claims in
this case appear to be unrelated to any viable federal claim and,
in fact, as more fully discussed above, the complaint states no
viable federal claim.  Further, Mr. Defluiter and the defendants
are all citizens of the State of Ohio, so that there is no
diversity jurisdiction.  Finally, the Court notes that other
courts which have considered similar claims have found them to be
completely frivolous.  See, e.g., Campbell v. Rendell, 2007 WL
211277 (E.D. Pa. January 28, 2007).

### III.

For all of these reasons, the Court recommends that the
three pending motions to dismiss (#s 8, 16, & 20) be granted and
that this case be dismissed.  The motion to transport (#23) lacks
merit, because there is no need to transport Mr. Defluiter to the
Court in order to resolve this case, and the motion is therefore
denied.

### IV.

If any party objects to this Report and Recommendation, that
party may, within ten (10) days of the date of this Report, file
and serve on all parties written objections to those specific
proposed findings or recommendations to which objection is made,
together with supporting authority for the objection(s). A judge
of this Court shall make a *de novo* determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made. Upon proper
objections, a judge of this Court may accept, reject, or modify,
in whole or in part, the findings or recommendations made herein,

may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge