IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary Lee Defluiter,                          :

       Plaintiff,                        :
  v.                                                Case No. 2:08-cv-863
                             :

State of Ohio, et al.,                       JUDGE HOLSCHUH

       Defendants.                       :

ORDER

    This matter is before the Court on the objection filed by
plaintiff, Gary Lee Defluiter, to the Magistrate Judge's Report
and Recommendation filed March 19, 2009 (#25). In that Report
and Recommendation, the Magistrate Judge recommended that the
motions to dismiss filed by three separate groups of defendants
each be granted. Also before the Court is plaintiff's "Judgment
Request under Rule 54(b)(c)" filed March 18, 2009.

    When objections are received to a Magistrate Judge's report
and recommendation on a dispositive matter, the District Judge
"shall make a de novo determination of any portion of the
Magistrate Judge's disposition to which specific written
objection has been made...." Fed.R.Civ.P. 72(b). After review,
the District Judge "may accept, reject or modify the recommended
decision, receive further evidence, or recommit the matter to the
Magistrate Judge with instructions." Id.; see also 28 U.S.C.
§636(b)(2)(B). For the following reasons, the objection will be
overruled and this case will be dismissed.

    The Magistrate Judge, construing Mr. Defluiter's complaint
liberally, concluded that Mr. Defluiter was proceeding under 18
U.S.C. §4, a statute which prohibits the concealment of felonious
conduct, and also was attempting to state a cause of action under
the Racketeering and Corrupt Organizations statute, 18 U.S.C.
§1962. With respect to the claim under 18 U.S.C. §4, the
Magistrate Judge found that Mr. Deflutier, as a private citizen,

could not assert a civil claim under that federal criminal statute. Further, the Magistrate Judge held that the complaint failed to plead any elements of a RICO claim. Finally, the Magistrate Judge noted that, to the extent that Mr. Defluiter may have been attempting to assert any state law claims relating to the filing of a commercial affidavit, this Court has no power to adjudicate those claims under the scenario presented by his complaint. Moreover, the Magistrate Judge noted that other courts which have considered claims similar to this claim have found them to be completely frivolous.

In his objection, Mr. Defluiter reiterates his claim regarding his rights as a secured party creditor with respect to a commercial affidavit he filed against the defendants. This claim was considered and specifically rejected by the Magistrate Judge. As correctly noted by the Magistrate Judge, other courts considering such claims have found them to be completely frivolous. See, e.g., Campbell v. Rendell, 2007 WL 211277 (E.D. Pa. January 28, 2007).

Because Mr. Defluiter's objections lack merit, this Court after a de novo review will adopt the Magistrate Judge's Report and Recommendation in its entirety. Accordingly, Mr. Defluiter's objection is OVERRULED.

Because the Court is adopting the Magistrate Judge's recommendation that the motions to dismiss be granted, plaintiff's judgment request will be denied as moot.

Based upon the foregoing, the Court overrules Mr. Defluiter's objection and adopts the Magistrate Judge's Report and Recommendation (#25) in its entirety. The motions to dismiss (#s 8, 16, and 20) are GRANTED. Further, plaintiff's "Judgment Request under Rule 54(b)(c)" (#24) is DENIED as moot. This case is dismissed with prejudice.

Date: April 7, 2009                    **/s/ John D. Holschuh**
                                       John D. Holschuh, Judge
                                       United States District Court